**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 24, 2011

Frederick A. Raab, Esq.
Mignini & Raab, LLP
606 Baltimore Avenue, Ste. 100
Towson, MD 21204

Allen F. Loucks, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD 21201

> **Re: Shirley Audet o/b/o C.A. v. Michael J. Astrue, Commissioner of Social Security, PWG-08-3386**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Shirley Audet's claim for Childhood Supplemental Security Income ("SSI"). (ECF Nos. 8, 15, 25). Plaintiff also filed a response in opposition to Defendant's Motion. (ECF No. 26). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Shirley Audet, on behalf of her grandson, C.A. ("Claimant"), applied for Children's SSI benefits on March 8, 2006, alleging that he was disabled due to attention deficit hyperactivity disorder ("ADHD"), a depressive disorder, and a seizure disorder (Tr. 16, 133). His claim was denied initially and upon reconsideration. After a hearing on May 5, 2008, before the Honorable Raymond L. Faby ("ALJ"), C.A.'s claim was evaluated by the ALJ using the three-step sequential process set forth in 20 C.F.R. §416.924. In a decision dated May 15, 2008, the ALJ's finding at step one was favorable to Claimant. At step two, the ALJ found that C.A. suffered from ADHD, depression, and a seizure disorder and that these impairments were "severe" as

defined in the Regulations. (Tr. 15). At step three, the ALJ found that the Claimant did not have an impairment or combination of impairments that met, or equaled in severity, any listed impairment.(Tr. 20). Additionally, the ALJ determined that Claimant did not have an impairment or combination of impairments that would be "functionally equivalent[1]" to any listed impairment. Therefore, the ALJ determined C.A. was not disabled for purposes of Children's SSI Benefits. (Tr. 13-27). On October 31, 2008, the Appeals Council denied Claimant's request for review, making his case ready for judicial review. (Tr. 5-8). Claimant presents two arguments in support of his contention that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Claimant first argues that the ALJ failed to analyze properly all of the evidence including lay testimony in determining whether he met a Listing at step three of the sequential evaluation. Specifically, Claimant argues that the ALJ was required to discuss --or at the very least cite --which Listings were considered. The Commissioner acknowledges that the ALJ did not analyze the specific listings, but argues that there was no harm due to this error and that the ALJ's decision that C.A. did not meet any Listing was consistent with the state agency reviewing physician's opinion found at Exhibit 5-F and that the ALJ explicitly rejected Ms. Audet's and the child's testimony.

I am not persuaded by the Commissioner's argument. First, the evidence now cited by the Commissioner (i.e., Exhibit 5-F, Dr. Koppelman's report) was never discussed, or referenced, by the ALJ in his decision. (Tr. 13-27, 209-211). The Listing at issue, 111.03 Nonconvulsive epilepsy states:

> *111.03 Nonconvulsive epilepsy. In a child with an established seizure disorder, the occurrence of more than one minor motor seizure per week, with alteration of awareness or loss of consciousness, despite at least three*

---

[1] Functional equivalence is determined by rating a child's abilities with respect to six "domains":1) Acquiring and Using Information; 2)Attending and Completing Tasks; 3)Interacting and Relating Well With Others; 4)Moving About and Manipulating Objects; 5)Caring for Yourself; and 6)Health and Physical Well-Being. Disability is established if the child has an "extreme" degree of limitation in one area of functioning or "marked" limitation in two areas. *See* 20 C.F.R. § 416.926a.

2

*months of prescribed treatment*.

C.A. and his grandmother both testified that he experiences many seizures and headaches on a weekly basis, and that these occur despite his treatment with Depakote. (Tr. 33, 45, 51). This testimony arguably supported a finding that CA meets Listing 113.03, cited above, but this testimony was not discredited or discussed at step three by the ALJ. The Commissioner argues that the ALJ properly discredited the grandmother's testimony about the frequency of C.A.'s seizures albeit later in his decision when discussing functional equivalence. However the ALJ never stated that this testimony was not entitled to persuasive weight. More importantly, when discussing the testimony at the functional equivalence stage, the ALJ mischaracterized it. The ALJ stated …"The claimant's grandmother testified that the claimant had 6 seizures per month, but when he took his medication as prescribed he had only one seizure **per month**."(Tr. 27)(emphasisadded). However the transcript actually states that he has at least one per week: "After he takes the medication it's probably about one, **maybe one a week**." (Tr. 40)(emphasis added). Therefore the ALJ's statement that the evidence shows C.A. had one per month when medicated is plainly erroneous.

When an ALJ fails to credit lay testimony about a claimant's allegations of impairment, he or she should discuss the testimony specifically and make explicit credibility determinations. *Morgan v.Barnhart*,142Fed.Appx.716, 731 (4th Cir.2005)(unpublished)(citing *Smith v. Heckler*, 735 F.2d 312, 313 (8th Cir.1984)); *Smith v. Weinberger*, 394 F.Supp. 1002 (D.Md.1975)(an ALJ's failure to give specific reasons for rejecting lay testimony leads to the conclusion that the ALJ failed to consider it at all). Furthermore, the medical evidence the Commissioner cites in his motion to support the argument that CA's seizures did not meet the level required is speculative. For example, Dr. Koppleman stated that C.A.'s seizures were "**probably** well controlled" and that he was to "continue depakote". (Tr. 265, 273)(emphasis added). Finally, although the ALJ discussed that C.A was never hospitalized due to seizures, and because no seizures were documented in school, this is not relevant because the Listing does not require hospitalization or that seizures occur at certain places.

Therefore, because the ALJ did not discuss what weight, if any, he gave to evidence that would tend to support the claimant's position, the court cannot assume that the ALJ adequately considered the issue of whether he met Listing 111.03.

It is the duty of the ALJ to discuss all of the evidence of record

3

that fairly relates to a dispositive issue, not simply select certain evidence that itself may be lacking in weight if it elsewhere is corroborated by other evidence deserving of more weight. See 20 C.F.R. §416.927(d)(2)(i),(d)(2)(ii)(3)-(6); *See also* SSR 96-5p; SSR 96-2p. The ALJ has the duty to analyze all the evidence and fully explain the weight he has given to obviously probative exhibits. *Burkhart v. Apfel*, 1999 WL 33136051 (D. Md.). In this case he failed to do so.

Claimant also alleges that there is new and material evidence submitted to the Appeals Council after the date of the ALJ's decision that was not properly weighed and a remand is warranted. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991); 42 U.S.C. 405(g). A reviewing Court can remand a case to the Commissioner but only if the Claimant establishes that the evidence is new, material, and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Id.* Claimant acknowledges that he is unsure whether the Appeals Council actually received the evidence at issue. Without definitively stating whether it was actually received by the Appeals Council, the Commissioner argues that this Court cannot consider this evidence because it was never "incorporated into the record by the Appeals Council" and, as such, this Court can only evaluate it for sentence six remand purposes as opposed to sentence four and that the Claimant has not met the prerequisites for new and material evidence.

That said, as discussed herein, I am remanding this case for further consideration on other grounds and on remand the ALJ will have the opportunity to review, consider, and adequately discuss the weight given to all the pertinent evidence submitted by the Claimant.

In sum, I cannot say that the ALJ considered all of the relevant evidence that may have had a bearing on the determination of Claimant's entitlement to childhood disability benefits. Consequently, I am unable to say that the ALJ's findings regarding the existence and/or the severity of C.A's impairments are supported by substantial evidence. A separate Order shall issue.

Sincerely,

3/24/11               /s/

Paul W. Grimm
United States Magistrate Judge